## GEORGE A. WHIPPLE et al. vs. THE WANSKUCK COMPANY.

The general rule governing the measure of damages is that damages should compensate for the injury received. Hence, in trespass on the case brought for the destruction of the plaintiff's dam caused by the defendant's negligence, the damages properly include the value to the plaintiffs of the dam and water privilege from the time the dam was destroyed up to the time when with reasonable diligence it might have been rebuilt.

DEFENDANT's petition for a new trial.

This action was trespass on the case brought by the plaintiffs, owners of a mill, mill privilege, and mill-dam, against the defendant, their tenant, for the destruction of the dam during a freshet, the dam, as they alleged, being carried away through the negligence of the defendant in not opening the waste-gates.

At the trial before a jury the defendant requested the presid-

ing judge to instruct the jury that "in addition to the amount to be fixed under instructions previously given, as sufficient compensation for the injury complained of, the plaintiffs were only entitled to recover interest on such amount from the time when such injury was sustained." This request was refused, and the jury was instructed "that in addition to the sum found by it as compensation for the injury complained of as aforesaid, namely, the destruction of the plaintiff's dam, the plaintiffs were entitled to receive such sum as the use of their pond and water privilege would have been reasonably and fairly worth, had said dam been rebuilt and replaced in like good order and condition as before it was destroyed, such sum to be computed to the time when, with reasonable diligence, said dam might have been so rebuilt."

To the refusal and the charge the defendant excepted.

*Edwin Metcalf*, in support of the exceptions contended that if the plaintiffs were entitled to recover any damages they were only entitled to the value of the dam when it was carried away, with interest on said value. *Hatch* v. *Dwight,* 17 Mass. 289; *Braunin* v. *Johnson*, 19 Me. 361; *Daniels* v. *C. I. & N. R. Co.* 41 Iowa, 52; *Toledo, Peoria, &c. R. R. Co.* v. *Arnold* 43 Ill. 418; *Smith* v. *Gonder*, 22 Ga. 353; *Bailey* v. *Jeffords*, 2 Speers, 271; *Whitbeck* v. *N. Y. Central R. R. Co.* 36 Barb. S. C. 644; *Ludlow* v. *The Village of Yonkers*, 43 Barb. S. C. 493; *North* v. *McDonald*, 47 Barb. S. C. 528; *Edwards* v. *Beebe*, 48 Barb. S. C. 106; *The Apollon*, 9 Wheat. 362, 366, 377; *German, &c. Association* v. *Sendmeyer*, 50 Pa. St. 67; *Wharton* v. *Cunningham*, 46 Ala. 590; *Cummings* v. *Spruance*, 4 Harring. Del. 315; *Sanborn* v. *Webster*, 2 Minn. 323.

*James M. Ripley, contra*, cited *White* v. *Mosely*, 8 Pick. 356; *Cincinnati* v. *Evans*, 5 Ohio St. 594; *Sewall's Falls Bridge* v. *Fisk*, 23 N. H. 171; *Middlekauff* v. *Smith*, 1 Md. 329, 343; *Strawn* v. *Cogswell*, 28 Ill. 457; *Freeman* v. *Clute*, 3 Barb. S. C. 424; *Wagner* v. *Corkhill*, 40 Barb. S. C. 175; *Griffin* v. *Colver*, 16 N. Y. 489; *Willey* v. *Fredericks*, 10 Gray, 357; *The Steamboat Narragansett*, Olcott, 388; *Williamson* v. *Barrett*, 13 How. U. S. 101.

*March* 8, 1879. POTTER, J. In this case the suit was for injury received by the plaintiffs from the destruction of a milldam alleged to have taken place from the negligence of the defendants.

We think the rule laid down by the presiding judge was right. The principle is that the damages should compensate for the injury. And what constitutes compensation must depend on the nature of the case, and sometimes upon whether the action be on a contract or an action of the case for gross negligence or an action of trespass.

In an action of trespass for damages to real or personal property, compensation does not consist merely in such a sum of money as will repair or replace the injury done, but includes also the damage for the violation of the right of property. If a person who enters the house or land of another, and carries away any article, is merely called upon to pay enough to replace that article, the right of property is not protected ; the thing taken might as well belong to the trespasser as to the legal owner; so the law gives damages for the violation of this right ; *i. e.* enough to protect it, according to the circumstances.

So in many cases consequential damages are allowed, and in many cases of trespass exemplary damages are given, not properly by way of revenge or punishment, although they are sometimes spoken of as such ; but for the protection of individual rights, which the law takes into consideration.

And in the present case, the mere cost of restoring the dam, with interest from the date of its destruction, might fall far short of just compensation ; and while, on the one hand, merely speculative profits might, as in some cases of contract, well be excluded as making the rule too indefinite, we think it was right to instruct the jury that the loss of the use of the dam and privilege constitute a part of the damages for which the plaintiffs should be compensated. It was limited, and properly, to the time when the dam might with reasonable diligence have been rebuilt.

Where care and diligence are duties resulting either from the law or from the express or implied contract of the parties, there is no reason whatever for the rule of damages being less strict than here laid down. The jury have found the fact of negligence, and we see no reason for disturbing it.

*Petition dismissed.*