**Frederick R. DeCOSTA, et al.**

v.

**Joseph DeCOSTA, et al.**

**No. 2001–619–Appeal.**

Supreme Court of Rhode Island.

April 1, 2003.

to believe that the suspect has committed a crime. *See State v. Guzman,* 752 A.2d 1, 3–4 (R.I.2000).

Robert E. Allen, for Plaintiff.

Joseph R. Palumbo, Jr., Middletown, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on February 4, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

This case presents a boundary line dispute between the plaintiffs, Frederick R. and Helen C. DeCosta (plaintiffs), and the defendants, Joseph and Mary DeCosta (defendants). The plaintiff, Frederick R. DeCosta, and defendant, Joseph DeCosta, are brothers; the record discloses that each assisted the other in the construction of their respective dwellings. Also, in keeping with the harmony and fellowship

that existed between the families in 1969, defendant planted a hedgerow in the vicinity of the east-west boundary line, which, according to defendant, was considered the boundary line for the parcels. Initially, the parties jointly maintained both sides of the hedgerow, an arrangement that advanced the amicable affiliation between the families. However, by 1991, their relationship had deteriorated greatly and culminated in this dispute. According to the parties, disagreements about the maintenance of the hedgerow led to the rift between the brothers. The defendant appeals from a judgment in favor of plaintiff in this action for trespass and ejectment and the denial of his counterclaim for adverse possession.

The evidence disclosed that in 1992, after removing a portion of the hedgerow, defendants erected a chainlink fence on plaintiffs' side of the shrubbery. According to plaintiff, this fence was one foot north of the existing hedgerow and two feet north of the property line and was a further encroachment onto his property.[1] The plaintiff sought to have the fence removed, and retained the services of a certified professional engineer and land surveyor, Joseph G.A. Riccio (Riccio), to determine the actual boundary line. At trial, plaintiffs submitted that the Riccio survey outlined the boundary between the parcels, and urged the trial justice to order defendants to remove the hedgerow and fence. Riccio, testifying on behalf of plaintiffs, said that the fence and hedge did in fact encroach approximately two feet onto plaintiffs' property.[2] The defendants counterclaimed and asserted ownership by adverse possession, arguing that the law of adverse possession and the

doctrine of acquiescence applied to the facts in this case because plaintiffs' silence for such a long period demonstrated clear acquiescence to the boundary between the parcels.

The trial justice found Riccio's expert testimony to be persuasive and held that the proper boundary line between the parcels should be drawn according to Riccio's survey. As a result, the trial justice ordered defendants to remove the shrubbery and fence that encroached upon plaintiffs' property. In denying defendants' counterclaim, the trial justice concluded that certain elements of adverse possession were not satisfied, particularly because the installation of the hedgerow was neither exclusive nor hostile. In short, the trial justice held that the brothers jointly planted and maintained the hedgerow by mutual assent, an agreement that led to a symbiotic relationship between the parties. Therefore, the trial justice found, defendants failed to establish all of the elements required to prove adverse possession. Although he determined that plaintiffs never objected to the placement or location of the hedgerow or the fence, he concluded that the elements of hostility and exclusivity were not satisfied because both parties maintained the shrubbery. The trial justice also concluded that the fence, although an encroachment and an act that was hostile to plaintiffs as "not innocently undertaken," was erected in 1992, and fell short of the statutory ten-year period for adverse possession.

Likewise, the trial justice found that the doctrine of acquiescence was unavailable because plaintiffs "simply did not acquiesce to the relocation of the boundary

---

1. The record is unclear whether the entire hedgerow was removed at this time or whether part of the shrubbery was left standing. However, the trial justice's bench decision discloses that defendants constructed the fence "one foot northerly of the hedge."

2. The trial justice noted that two other surveys initiated by defendants corroborated Riccio's land survey.

line." In fact, the trial justice noted that at the time the fence was constructed, defendant "physically removed one of the stone boundary markers to a location * * * where he wanted the fence constructed."

On appeal, defendants argue that the trial justice failed to properly apply the doctrine of acquiescence. The defendants primarily rely on *DelSesto v. Lewis*, 754 A.2d 91 (R.I.2000) (per curiam), which recognized that a claimant may gain title to a defendant's property by operation of the doctrine of acquiescence. "[The] party alleging acquiescence must show that a boundary marker existed and that the parties recognized that boundary for a period equal to that prescribed in the statute of limitations to bar a reentry, or ten years." *Id.* at 95 (quoting *Locke v. O'Brien*, 610 A.2d 552, 556 (R.I.1992)). Further, recognition of the encroachment "may be inferred from the silence of one party or their predecessors in title who [were] aware of the [actual] boundary." *Id.* The plaintiffs on the other hand, counter that the trial justice did not err in ordering defendants to dismantle the hedgerow and fence. In light of the evidence that the parties shared in the maintenance of both sides of the hedgerow through 1991, plaintiffs agree with the trial court's finding that the elements of exclusivity and hostility were not satisfied. Further, plaintiffs allege the requisite period of ten years necessary to establish ownership by adverse possession was not met in this case because the parties were in agreement about the hedgerow until 1991, and any encroachment after 1991 falls short of the statutory ten-year period.

To establish a claim for adverse possession, a claimant must demonstrate by strict proof, the elements set forth in G.L.1956 § 34–7–1 that the possession was " 'actual, open, notorious, hostile, under claim of right, continuous, and exclusive' for the statutory period of ten years." *Carnevale v. Dupee*, 783 A.2d 404, 409 (R.I.2001) (quoting *Locke*, 610 A.2d at 555). This Court has determined that the term "strict proof" is synonymous with clear and convincing evidence. *Locke*, 610 A.2d at 555.

The doctrine of acquiescence provides that "owners of adjoining estates are precluded from denying a boundary line recognized by both owners for a length of time equal to that prescribed by the statute of limitations barring a right of reentry." *Pucino v. Uttley*, 785 A.2d 183, 187 (R.I.2001) (per curiam) (quoting *Locke*, 610 A.2d at 556). Although the original use of the parcel may be permissive, the doctrine of acquiescence provides that when there is an "observable physical boundary line * * * a claimant can gain title to the real estate encompassed by that boundary line, even though another party clearly possesses record title to that land." *Id.* at 186. The party claiming ownership by acquiescence must show "that a boundary marker existed and that the parties recognized that boundary for a period equal to that prescribed in the statute of limitations to bar a reentry, or ten years." *Id.* at 187 (quoting *Locke*, 610 A.2d at 556).

We agree with the trial justice's conclusion that the construction of the fence was "not innocently undertaken," and, because the fence was erected approximately one foot beyond the hedgerow, it was a further encroachment onto plaintiffs' property, clearly adverse to plaintiffs' ownership interests and thus, hostile. Nevertheless, the requisite statutory period of ten years has not been satisfied. Accordingly, defendants' claim for adverse possession and acquiescence relative to the chainlink fence fails. However, our analysis does not end here because we are of the opinion that the doctrine of acquiescence is applicable to the hedgerow.

The record discloses that at a happier time in their lives, defendants, without objection by plaintiffs, located and planted the shrubbery at issue. It is also undisputed that both brothers trimmed the shrubbery and otherwise maintained the hedgerow on both sides of the line. Further, although situated two feet onto plaintiffs' property, this hedgerow was treated as the boundary for the parcels. In *Del-Sesto*, 754 A.2d at 93, the parties orally agreed to a change in the lot configuration of their respective properties and jointly placed granite markers designating the new lot lines. Although both gentlemen apparently honored their agreement, when subsequent purchasers built a summer home and used the disputed land as a garden, defendant, the former wife of Joseph Lewis who had entered into the original agreement, sought to exclude her neighbors from using the portion that was included in the previous agreement. *Id.* at 94. This Court held that title to the property at issue rested with the DelSestos because the placement of a boundary marker, jointly agreed to by the parties for the requisite number of years, is conclusive evidence of an agreement to establish a boundary and, under the doctrine of acquiescence, a party "will be precluded from claiming that the line so acquiesced in is not the true boundary." *Id.* at 95 (quoting *Locke*, 610 A.2d at 556).

In the case at bar, it is clear that the placement of the hedgerow in 1969 served as the line of demarcation between the parcels and that plaintiffs assented to its location. We deem this to be sufficient evidence to trigger the doctrine of acquiescence. Although subsequent squabbles about the aesthetics of the shrubbery may have led to the deterioration of their relationship, culminating in the construction of the fence, we are satisfied that the doctrine of acquiescence operates to vest title to the property on plaintiffs' side of the hedgerow in defendants, notwithstanding that plaintiffs may be the record owner.

In conclusion, the defendants' appeal is sustained in part and denied in part. We affirm that part of the judgment that declares the fence to be an encroachment onto the plaintiffs' property and the judgment directing the defendants to remove the fence. We reverse and vacate that portion of the judgment declaring the boundary line between the two properties as reflected in the Riccio survey. We remand this case to the Superior Court with directions to declare a new boundary line, at the point where the hedgerow originally was located.