**Euphemia Barr GARDNER et al.**

v.

**Wayne R. BAIRD.**

**No. 2004–237–Appeal.**

Supreme Court of Rhode Island.

May 4, 2005.

Anthony F. DeMarco, Providence, for Plaintiff.

Justin T. Shay, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 1, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

This dispute arises from the plaintiffs' use of an unimproved parcel of land located on Charlestown Beach Road in the Town of Charlestown and identified as lot No. 37 on assessor's plat No. 9 (lot No. 37). The plaintiffs, Euphemia Barr Gardner, Francis W. Gardner, III, Euphemia E.G. Gardos, Pamela F. Boynton, John A. Stey, Vytis L. Virbickas, Algute M. Virbickas, and Ralph J. Perrotta (collectively plaintiffs), appeal from a grant of summary judgment in favor of the defendant, Wayne R. Baird (defendant). The hearing justice found that the use of lot No. 37, as alleged by the plaintiffs, was insufficient to establish title by adverse possession. The plaintiffs argue that the hearing justice's finding wrongly disposed of the case because their amended complaint alleged that they possessed an "ownership interest" in lot No. 37, which they contend is a prescriptive easement. For the reasons set forth herein, we vacate the judgment of the Superior Court.

## Facts and Travel

Lot No. 37 is a strip of beachfront property bordered by Charlestown Beach Road to the north and the Atlantic Ocean to the south. For many years, plaintiffs, owners of property located north of Charlestown Beach Road, allegedly used a footpath extending along the east side of lot No. 37 (the footpath) to gain unobstructed access to the seashore. The landscape began to change in February 2002 when defendant, owner of an adjacent property identified as lot No. 38 on assessor's plat No. 9 (lot No. 38), acquired lot No. 37.[1] The defendant obtained a permit and constructed a fence blocking the footpath. Not to be deterred, plaintiffs found alternate pathways and continued to enter lot No. 37 to access the beach.

On February 4, 2003, plaintiffs filed a complaint in Superior Court, alleging that they had established a prescriptive easement across the parcel and seeking injunctive and declaratory relief. The defendant filed an answer, asserting, *inter alia*, that plaintiffs had failed to state a claim upon which relief may be granted. He also asserted counterclaims for injunctive and declaratory relief, as well as damages. After defendant moved for summary judgment based on G.L.1956 § 34–7–4, plaintiffs sought and were granted leave to amend their complaint to allege that they had established "ownership interests" in lot No. 37, in its entirety.[2]

The defendant moved for summary judgment on plaintiffs' amended complaint, and plaintiffs submitted affidavits attesting to their use of lot No. 37 as if it were their own for more than ten years.[3] At a hearing on March 15, 2004, defendant argued

1. The defendant was a co-owner of lot No. 38 at the time he purchased lot No. 37, and in April 2002, he became the sole owner of lot No. 38.

2. In their first complaint, plaintiffs alleged that they "obtained access to the shore primarily through a path located on the far side of [lot No. 37]." In the prayer for relief, plaintiffs requested that the court "enjoin defendant from continuing to block access to said path and declare that plaintiffs have established that each of them has a prescriptive easement allowing each of them * * * to use said path to obtain access to the shore." However, G.L.1956 § 34–7–4 prohibits the es-

tablishment of "a right of footway." Section 34–7–4 provides: **"Right of footway denied.—** No right of footway, except claimed in connection with a right to pass with carriages, shall be acquired by prescription or adverse use for any length of time."

3. When the suit was filed, there were two additional plaintiffs, John and Lola Babie. At some point prior to defendant's filing of the motion for summary judgment on the amended complaint, the Babies, by stipulation of the parties, were dismissed from the action, with prejudice.

that plaintiffs' use of lot No. 37 did not rise to the level of adverse possession because it was not adverse to the interests of all others. The plaintiffs admitted that they did nothing to oust the true owner from lot No. 37 and that they did not know whether any other persons used the beachfront property. They argued that exclusivity is not an essential element of their claim and that they had been asserting their claim to the property by "[sitting] on the beach above the high water mark in contravention of the rights of the owner."

The hearing justice granted defendant's motion. Accepting everything plaintiffs alleged as true, the trial justice found there were no issues of fact to be resolved by a fact-finder, and defendant was entitled to judgment as a matter of law. The plaintiffs filed a timely notice of appeal, but by error of counsel, only one filing fee was paid.[4] The plaintiffs filed a motion to amend the notice of appeal, and we reserved the issue for consideration at oral argument.

## Standard of Review

■■■ We note at the outset that summary judgment is an extreme remedy that warrants cautious application. *Canavan v. Lovett, Schefrin, and Harnett,* 862 A.2d 778, 783 (R.I.2004). We review a Superior Court justice's grant of summary judgment *de novo. United Lending Corp. v. City of Providence,* 827 A.2d 626, 631 (R.I. 2003). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judg-

ment." *Id.* (quoting *Carlson v. Town of Smithfield,* 723 A.2d 1129, 1131 (R.I.1999)). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Id.* (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996)).

## Failure to Pay Filing Fees

■■ Francis W. Gardner, III, Euphemia E.G. Gardos, Pamela F. Boynton, John A. Stey, Vytis L. Virbickas, Algute M. Virbickas, and Ralph J. Perrotta argue that they should be permitted to go forward with this appeal because their failure to file timely notices of appeal was the result of excusable neglect. In *Mosby v. Devine,* 851 A.2d 1031, 1036–37 & n. 3 (R.I.2004), we held that plaintiff Steven Golotto's appeal was invalid because of his chronic failure to make timely payment of the appellate filing fee. Although Golotto attempted to tender the fee by letter to the clerk of the Supreme Court after the second oral argument of that appeal, we deemed this effort to be untimely and wanting. *Id.* at 1036 n. 3. Golotto's failure to pay the fee had been brought to his attention during two rounds of oral argument before this Court. *Id.* At no point did Golotto attempt to show excusable neglect or otherwise offer any explanation. *Id.* In contrast, plaintiffs before this Court realized the error before the prebriefing conference and moved to amend the notice of appeal and offered payment of the additional filing fees. After a single justice of

---

**4.** Although Article I, Rule 3(b) of the Supreme Court Rules of Appellate Procedure allows parties to file joint notices of appeal, Article I, Rule 5(a) of the Supreme Court Rules of Appellate Procedure requires that each party

pay a $150 filing fee. *Mosby v. Devine,* 851 A.2d 1031, 1036–37 (R.I.2004) (holding appeal of one of the two plaintiffs invalid because only one filing fee was paid and his name did not appear on the receipt).

this Court ordered the issue left for consideration at oral argument, plaintiffs filed a supplemental memorandum addressing the error. The plaintiffs' counsel candidly admitted that he "has no excuse for this lapse but his own lack of awareness" of the requirement of multiple fees.

We hold that plaintiffs are properly before us. Unlike the situation in *Mosby,* these plaintiffs immediately sought to correct their error upon becoming aware of it. We are satisfied that counsel's failure to tender individual filing fees, although neglectful, was excusable as to his clients, who stood ready to pay the additional fees upon discovery of counsel's error.

### Plaintiffs' Substantive Claim

■ Before this Court, plaintiffs argue that, by producing uncontested evidence of their use of lot No. 37 for ten years or more, they alleged facts sufficient to survive defendant's motion for summary judgment. The plaintiffs assert that there are issues of fact that may prove they are entitled to a possessory interest that does not require ouster of either the owner or third parties from the property. We agree.

■■ Rule 8(a) of the Superior Court Rules of Civil Procedure requires that every pleading setting forth a claim for relief contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." A pleading need not include "the ultimate facts that must be proven in order to succeed on the complaint * * * [or] to set out the precise legal theory upon which his or her claim is based." *Haley v. Town of Lincoln,* 611 A.2d 845, 848 (R.I.1992). The pleading simply must provide the opposing party with "fair and adequate notice of the type of claim being asserted." *Id.*

We are satisfied that the amended complaint, although not artfully drafted, provided defendant with fair and adequate notice that plaintiffs claim they possess a prescriptive easement in lot No. 37. The amended complaint alleges that "plaintiffs have established ownership of [lot No. 37] under the doctrine of adverse possession" and requests that the court declare that they have "ownership interests" in the lot. Section 34–7–1, entitled "Conclusive title by peaceful possession under claim of title," governs both claims of title by adverse possession and claims of prescriptive easements. *See Frenchtown Five L.L.C. v. Vanikiotis,* 863 A.2d 1279, 1283 n. 9 (R.I.2004) (characterizing § 34–7–1 as the "adverse possession statute"); *Burke–Tarr Co. v. Ferland Corp.,* 724 A.2d 1014, 1020 (R.I.1999) ("[O]ne who claims an easement by prescription has the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for ten years as required by * * * § 34–7–1.") (quoting *Palisades Sales Corp. v. Walsh,* 459 A.2d 933, 936 (R.I.1983)). By alleging that plaintiffs obtained some ownership interest in lot No. 37 by adverse possession, the amended complaint gives adequate notice of the claim of a prescriptive easement.

■ The defendant argues that it was proper for the motion justice to grant summary judgment in his favor because plaintiffs asserted an adverse possession claim and they cannot prove exclusivity. As plaintiffs argued at the summary judgment hearing, although exclusivity is an essential element in a claim of *title* by adverse possession, one need not prove it to succeed on a claim for a prescriptive easement. *Compare Stone v. Green Hill Civic Association, Inc.,* 786 A.2d 387, 389 (R.I. 2001) ("One who claims an easement by prescription bears the burden of establishing actual, open, notorious, hostile, and

continuous use under a claim of right for at least ten years."), *with DeCosta v. DeCosta,* 819 A.2d 1261, 1264 (R.I.2003) ("To establish a claim for adverse possession, a claimant must demonstrate by strict proof * * * that the possession was 'actual, open, notorious, hostile, under claim of right, continuous, and *exclusive*' for the statutory period of ten years.") (quoting *Carnevale v. Dupee,* 783 A.2d 404, 409 (R.I.2001)). (Emphasis added.) As discussed above, plaintiffs sufficiently pleaded a claim for a prescriptive easement and should have the chance to prove the necessary elements of a prescriptive easement at trial. *See Stone,* 786 A.2d at 391 ("[F]actual determinations are generally necessary to determine whether claimants have established the elements of a prescriptive easement.").

### Conclusion

For the reasons set forth herein, we vacate the judgment of the Superior Court and remand the case for proceedings consistent with this opinion. The plaintiffs are directed to forward the additional filing fees to the clerk of the Supreme Court.