DECISION
Defendants Joseph Ferreira d/b/a Advanced Auto Recycling, Inc, the Joseph I. Ferreira Trust, [1] and LKQ Corporation (collectively, "Defendants") move for dismissal — pursuant to Super. R. Civ. P. 12(b)(6) — of the underlying Complaint filed against them by Plaintiffs LM Nursing Services, Inc., Louis Paolino and Marie Issa (collectively, "Plaintiffs"). Concurrently, Defendants also seek summary judgment, pursuant to Super. R. Civ. P. 56, in their favor on the underlying claims.
 I Facts and Travel
The matter involves Defendants who either currently own and operate, or in the past have owned and operated, auto salvage businesses on real property adjacent to property owned by Plaintiffs. Through their Complaint, Plaintiffs allege that the operation and maintenance of said businesses have caused the contamination and loss of *Page 2 
use of Plaintiffs' property (the "Subject Property"). Plaintiffs seek damages for the alleged continuing contamination of their property as caused by Defendant Ferreira's actions in re-directing a contaminated stream from his property onto the adjacent land now owned by Plaintiffs, without the permission of Plaintiffs' predecessors-in-title. Plaintiffs' Complaint raises claims sounding in negligence, trespass, and nuisance against the movant Defendants.
Plaintiffs first filed their Complaint in this Court on November 16, 2006, against Defendants Mobil Corporation, Mark Diamond, Phillip Diamond, Joseph Ferreira d/b/a Advanced Auto Recycling Inc., LKQ Corporation ("LKQ Corp.") and the Joseph I. Ferreira Trust. On September 4, 2009, the case was removed to the U.S. District Court for the District of New Hampshire. There, Counts 1 and 2 of Plaintiffs' thirty-three (33) count Complaint against Mark and Phillip Diamond, Plaintiffs' predecessors-in-title to the Subject Property were dismissed. Plaintiffs also stipulated to dismiss Count 3 against Mobil Corporation (apparently as the corporation, known as ExxonMobil Corporation, was improperly named in the pleadings). Plaintiffs' state and federal statutory claims (Counts 22-33) were also dismissed by the U.S. District Court of New Hampshire. On March 31, 2011, the case was remanded to this Superior Court for further proceedings on Plaintiffs' remaining state law claims.
The remaining eighteen (18) counts (Counts 4-21) of Plaintiffs' Amended Complaint are directed against each of the present Movant-Defendants (Joseph Ferreira d/b/a Advanced Auto Recycling Inc., LKQ Corp. and the Joseph I. Ferreira Trust). The remaining counts may be labeled as: Counts 4-6: Negligence; Counts 7-9: Trespass; Counts 10-12: Private Nuisance; Counts 13-15: Public Nuisance; Counts 16-18: Unjust *Page 3 
Enrichment; and Counts 19-21: Punitive Damages. Defendants seek dismissal of Counts 8 and 10-21 for a failure to state a claim upon which relief may be granted. Additionally, Defendants move for summary judgment with respect to (1) all claims asserted by Plaintiff LM Nursing Services, Inc., as the entity does not own the subject property and has not owned it since 1985; (2) all claims relating to Lots 364 and 365, as Plaintiffs sold both of theses lots prior to the commencement of this action and concede that neither lot was ever contaminated; and (3) all claims by Plaintiffs Paolino and Issa in Counts 4-6, 7 and 9 of the Amended Complaint. The Court shall address each motion in turn.
 II Analysis A MOTION TO DISMISS COUNTS 8 AND 10-21
In support of their Motion to Dismiss, Defendants generally argue that Plaintiffs' Counts 8 and 10-21 should be dismissed for a failure to comply with the heightened pleading requirements as stated by the U.S. Supreme Court in Iqbal andTwombly. See Bell Atlantic Corp. v. Twombly,550 U.S. 544 (2007); Ashcroft v. Iqbal,129 S. Ct. 1937 (2009). Defendants, however, fail to note that the Rhode Island Supreme Court has not adopted such a heightened pleading requirement.
"The sole function of a motion to dismiss is to test the sufficiency of the complaint." Palazzo v. Alves,944 A.2d 144, 149 (R.I. 2008) (quoting R.I. Affiliate, ACLU,Inc. v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)). Though recent United States Supreme Court decisions Bell Atl. Corp. v.Twombly and Ashcroft v. Iqbal *Page 4 
arguably raise the bar for sufficiency by requiring plaintiffs to allege a set of plausible, rather than possible, facts showing an entitlement to relief, our jurisdiction has not expressly adopted (or rejected) this new precedent. Even in decisions published after Iqbal and Twombly, the Rhode Island Supreme Court continues to ascribe to the notice pleading doctrine.See Barrette v. Yakavonis, 966 A.2d 1231, 1234 (R.I. 2009) (avoiding Iqbal and Twombly by applying the standard that a "motion to dismiss is appropriate `when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim'"). As our Supreme Court has stated, "[t]he policy behind these liberal pleading rules is a simple one: cases in our system are not to be disposed of summarily on arcane or technical grounds." Hendrick v. Hendrick,755 A.2d 784, 791 (R.I. 2000) (citing Haley v. Town ofLincoln, 611 A.2d 845, 848 (R.I. 1992)). As such, current Rhode Island law simply requires that granting "a Rule 12(b)(6) motion to dismiss is appropriate `when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.'" Barrette, 966 A.2d at 1234. "But unless amendment could avail the plaintiff nothing, the order of dismissal should usually be with leave to amend." Robert B. Kent et al., Rhode Island Civil and AppellateProcedure, § 12:9 (West 2009).
In making its Rule 12(b)(6) determination, a court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs."Giuliano v. Pastina, Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v. Howard, 784 A.2d 291, 297-98 (R.I. 2001)). Finally, the Court may not look to matters outside the pleadings on a motion to dismiss; but if the Court does go outside the *Page 5 
pleadings, it must automatically convert the motion into a motion for summary judgment with its distinct standard of review. SeeCoia v. Stephano, 511 A.2d 980 (R.I. 1986).
Under Rhode Island's notice pleading standard, "[a]ll that is required is that a complaint give the opposing party fair and adequate notice of the type of claim being asserted."Haley, 611 A.2d at 848. In particular, Super. R. Civ. P. 8(a) requires a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Super. R. Civ. P. 8(a)(1). The thrust of the pleading is to provide the opposing party with "fair and adequate notice of the type of claim being asserted." Bresnick v. Baskin,650 A.2d 915, 916 (R.I. 1994). Yet, the pleading need not contain either "the precise legal theory" upon which a party's claim is based or "the ultimate facts that must be proven in order to succeed." Haley, 611 A.2d at 848 (reversing a judgment on the pleadings because factual allegations were too incomplete to be dispositive and there were facts to be fleshed out at trial that could potentially affect the liability of the parties). The liberal construction of the pleading rules favors simplicity over redundancy as long as the opposing party will not be prejudiced by any unfair surprise. Id.
 1 Count 8: Trespass
It is well settled that Rhode Island law recognizes a claim for continuing trespass. Mesolella v. City of Providence,508 A. 2d 661, 668 (R.I. 1986). A continuing trespass has been defined as "The actor's failure to remove from land in possession of another a structure, chattel, or other thing which he tortuously . . . placed on the land constitutes a continuing trespass for the entire time during which the thing is on the land."Regan v. *Page 6 Cherry Corp., 706 F. Supp. 145, 150 (D.R.I. 1989) (quoting Restatement (Second) of Torts § 161 (1965)).
Here, Count 8 of Plaintiffs' Complaint alleges that Defendant LKQ Corp. has committed a continuing trespass in the form of a diverted stream and the contaminated materials which it carries onto Plaintiffs' property, resulting from LKQ Corp.'s operation of an auto salvage business located at 290 Curran Road in Cumberland, Rhode Island. (Compl. at 10.) Plaintiffs state that contamination has been carried onto their property and that Plaintiffs have suffered damages as a result. Plaintiffs further allege a continuing trespass as a result of LKQ Corp.'s continuing use of a building at least partially constructed on Plaintiffs' property.Id.
With respect to the notice pleading standard in Rhode Island, the complainant need only give the opposing party fair and adequate notice of the type of claim being asserted; the complaint need not contain either "the precise legal theory" upon which a party's claim is based or "the ultimate facts that must be proven in order to succeed." See Haley, 611 A.2d at 848. In the present matter, Plaintiffs have stated their claims with sufficient particularity to place Defendants on notice as to the nature of the trespass alleged.See id. Furthermore, Plaintiffs have also sufficiently stated claims for trespass upon which relief can be granted as it is not "clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." SeeBarrette, 966 A.2d at 1234 (discussing Rule 12(b)(6) motion to dismiss standards). *Page 7 
 2 Counts 10-12: Private Nuisance
Rhode Island courts have held that a "cause of action for private nuisance arises from the unreasonable use of one's property that materially interferes with a neighbor's physical comfort or the neighbor's use of his real estate. Hydro-Manufacturing,Inc. v. Kayer-Roth Corp., 640 A.2d 950, 957 (R.I. 1994). In the three private nuisance counts, Plaintiffs allege that Defendants' maintenance and use of their property represents or represented an unreasonable use which materially interferes with the use of Plaintiffs' adjacent property. (Compl.) The counts expressly incorporate Plaintiffs' allegations that Defendants "did receive and hold contaminated materials which subsequently contaminated adjacent property . . . presently owned by these Plaintiffs." (Compl. ¶ 26). Plaintiffs further allege that Defendants have and continue to contaminate Plaintiffs' property with materials as a result of their auto salvage business practices. (Compl. ¶ 32).
Plaintiffs' Complaint sufficiently places Defendants on notice as to the nature of the private nuisance claims asserted in alleging that Defendants' unreasonable use of their property, by holding and releasing contaminated materials, has materially interfered with Plaintiffs' physical comfort and use of their neighboring real estate. See Haley, 611 A.2d at 848 (pleading must give opposing party fair and adequate notice of type of claim asserted but need not contain either the precise legal theory upon which a party's claim is based or the ultimate facts that must be proven in order to succeed). It is also not clear beyond a reasonable doubt that Plaintiffs would be unable to prove any set of facts to sufficiently support their private nuisance claims against Defendants in this matter. See Barrette,966 A.2d at 1234 (discussing Rule 12(b)(6) motion to dismiss standards). *Page 8 
 3 Counts 13-15: Public Nuisance
In Rhode Island, "in order to prevail on a public nuisance claim, a plaintiff must establish that a defendant unreasonably interfered with a right common to the general public and that the plaintiff sustained special damages as a result of the interference."Hydro-Manufacturing, Inc., 640 A.2d at 957. Defendants argue that Plaintiffs have failed to make any allegations regarding special damages in this matter.
To satisfy this special damages element, a plaintiff must show (a) that he has suffered harm of a kind different than that suffered by the general public, and (b) that the harm stems from interference with a public right. Id. at 958. Special damages may include personal injury to the plaintiff, damage to the plaintiff's property, or substantial interference with the use and enjoyment of plaintiff's property. Id.
Through their underlying Complaint, Plaintiffs allege that Defendants have polluted a stream that feeds a local drinking water supply — certainly an interference with a public right to safe drinking water. Plaintiffs further allege a distinguishable and special harm where Defendants have caused said polluted stream to be redirected onto Plaintiffs' property. Here, Plaintiffs alleged loss of use and enjoyment of their property due to the redirected, contaminated stream is further compounded by the potential issue of their responsibility for having on their property a potential source of contamination to the drinking supply of the general public. As such, Plaintiffs have alleged sufficient special damages to support their public nuisance claims.
In alleging that Defendants unreasonably interfered with a local drinking water supply and that Plaintiffs have sustained special damages as a result of said interference, *Page 9 
Plaintiffs have stated their claim with sufficient particularity to place Defendants on notice as to the nature of the public nuisance claims asserted against them. See Haley,611 A.2d at 848 (discussing Rhode Island's notice pleading requirements). Furthermore, it is not clear beyond a reasonable doubt that Plaintiffs would be unable to prove any set of facts in support of their claims for relief against Defendants for public nusaince. See Barrette, 966 A.2d at 1234 (discussing Rule 12(b)(6) motion to dismiss standards).
 4 Counts 16-18: Unjust Enrichment
Unjust enrichment is predicated upon the equitable principle that one shall not be permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them. Narragansett Electric Co. v. Carbone,898 A.2d 87, 99 (R.I. 2006). To recover under a claim of unjust enrichment, a plaintiff must show (1) that plaintiff conferred a benefit upon defendant; (2) defendant has appreciated the benefit; and (3) under the circumstances, it would be inequitable for defendant to retain the benefit without paying for it. Id.
In their Complaint, Plaintiffs allege that Defendants are redirecting pollutants from their property onto Plaintiffs' property without compensation, thereby polluting Plaintiffs' property and allowing Defendants to continue to earn a profit in the operation of their business saved from the expense of properly removing or treating said pollutants. (Compl.) Assuming all allegations to be true, Plaintiffs may present evidence from which a jury may reasonably infer that Plaintiffs conferred upon Defendants the benefit of the use of Plaintiffs' land; that the benefit was appreciated by Defendants as they are allowed to continue their auto salvage business without paying for proper waste disposal; *Page 10 
and that it is inequitable for Defendants to retain the benefit of waste disposal and to transfer pollutants onto Plaintiffs' property without providing compensation.
Plaintiffs' Complaint sufficiently places Defendants on notice as to the nature of the unjust enrichment claims asserted against them in alleging that Defendants have retained the benefit of waste disposal onto Plaintiffs' property without providing just compensation for the same. See Haley, 611 A.2d at 848. It is also not clear beyond a reasonable doubt that Plaintiffs would be unable to prove any set of facts in support of their unjust enrichment claims against Defendants. See Barrette,966 A.2d at 1234 (discussing Rule 12(b)(6) motion to dismiss standards).
 5 Counts 19-21: Punitive Damages
A court may award punitive damages for intentional conduct that is malicious. Regan, 706 F. Supp. 145, 153 (D.R.I. 1989). One seeking punitive damages must produce evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amounts to criminality, which for the good of society and warning to the individual, ought to be punished. Id.
Plaintiffs' punitive damage counts expressly incorporate by reference all the prior allegations contained in the Complaint. Therein, Plaintiffs allege that Defendants have been cited for environmental violations as a result of their actions in maintaining the business located at 290 Curran Road, Cumberland, Rhode Island. (Compl.) Plaintiffs further allege that Defendants — despite receiving repeated violations — continue to operate their business in such a manner that continually pollutes Plaintiffs' property and the public's drinking water supply. Id. *Page 11 
As such, the pleadings sufficiently place Defendants on notice as to the nature of the punitive damages sought therein.Haley, 611 A.2d at 848. Furthermore, in making its Rule 12(b)(6) determination, this Court "assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the plaintiffs." Giuliano v. Pastina,Jr., 793 A.2d 1035, 1036-37 (R.I. 2002) (quoting Martin v.Howard, 784 A.2d 291, 297-98 (R.I. 2001)). On its face, Plaintiffs' Complaint contains sufficient allegations from which a jury could reasonably infer malicious conduct on the part of Defendants in this matter. Accordingly, it is not clear beyond a reasonable doubt that Plaintiffs would not be entitled to relief from Defendants under any set of facts that could be proven in support of their claims for punitive damages. See Barrette,966 A.2d at 1234.
 Conclusion
Based on the above reasoning, the Court finds that Counts 8 and 10-21 of Plaintiffs' Third Amended Complaint sufficiently notice Defendants with the nature of the claims asserted against them and adequately state claims upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss is denied.
 B MOTION FOR SUMMARY JUDGMENT
Defendants move for summary judgment with respect to (1) all claims asserted by Plaintiff LM Nursing Services, Inc., as they maintain the entity does not own the Subject Property and has not owned it since 1985; (2) all claims relating to Lots 364 and 365, as Plaintiffs sold both of theses lots prior to the commencement of this action and concede *Page 12 
that neither lot was ever contaminated; and (3) all claims asserted by Plaintiffs Paolino and Issa through Counts 4-6, 7, and 9 of the Amended Complaint.
Preliminarily, Plaintiffs concede and stipulate that Defendants are entitled to summary judgment with respect to claims regarding Lots 364 and 365. Plaintiffs further stipulate to summary judgment in Defendants' favor of any claims brought on behalf of plaintiff LM Nursing Services, Inc. Accordingly, summary judgment as to these claims is granted in favor of Defendants, and Defendants' Motion for Summary Judgment on the claims of Plaintiffs Paolino and Issa in Counts 4-6 (negligence) and 7 9 (trespass) of the Amended Complaint remains. In support of their Motion, Defendants argue that Plaintiffs fail to establish a prima facie case for the above claims, which therefore must fail as a matter of law.
 1 Counts 4-6: Negligence
Defendants argue that Plaintiffs cannot establish a breach of the standard of care owed to them by Defendants. Defendants proffer that because the underlying claims involve their operation of an auto salvage yard on property adjacent to that of the Plaintiffs, expert testimony is required to establish the standard of care owed by an auto salvage yard to persons beyond its premises, as well as a deviation from that standard. Defendants contend that Plaintiffs have provided no such expert testimony where their identified experts merely include a real estate appraiser, a wetlands scientist, a land surveyor, and an environmental engineer, and not an auto salvage expert. Defendants, however, fail to provide any legal support for their contention that expert testimony is required to establish a standard of care in this matter. *Page 13 
Counts 4-6 of Plaintiffs' Amended Complaint allege negligence against each of the Movant-Defendants for their failure to properly maintain and upkeep their premises, resulting in the contamination of Plaintiffs' neighboring property. To maintain a cause of action for negligence, a plaintiff bears the burden of establishing four elements: (1) a duty owed by defendant to plaintiff; (2) a breach of that duty; (3) that said breach proximately caused injury to plaintiff; and (4) actual loss or damages. Montuori v.Narragansett Electric Co., 418 A.2d 5 (R.I. 1980).
While Defendants contend that Plaintiffs are required to present expert testimony on the standard of care that is required of an entity operating an auto salvage yard, the crux of Plaintiffs' claims is not that Defendants were negligent in the operation of an auto salvage yard, but rather that Defendants were generally negligent in maintaining their property in a safe condition. It is well settled that Rhode Island law recognizes that possessors of land owe to those outside the premises a duty to use reasonable care to prevent foreseeable injury or harm as a result of activities on their property. Volpe v. Gallagher,821 A.2d 699, 705 (R.I. 2003). As such, Plaintiffs would not be required to present expert testimony regarding the immaterial specifics of the operation of an auto salvage business. Rather, Plaintiffs are left to prove that there existed a dangerous condition on Defendants' property (in the form of contaminants which Defendants failed to properly care for or maintain), which resulted in a foreseeable injury to Plaintiffs (in the form of contaminants leaking onto their property), and which caused damages to Plaintiffs' property as the result of Defendants' failure to maintain their own property in a safe condition. See id.;see also Gail v. New England Gas Co.,460 F. Supp. 2d 314, 320-21 (D.R.I. 2006) (defendant had duty to refrain from conduct that contaminates or *Page 14 
otherwise harms neighboring properties). Accordingly, Plaintiffs sufficiently allege a breach of duty and support prima facie claims of negligence against Defendants in this matter. Therefore, Defendants' motion for summary judgment on Counts 4-6 of the Amended Complaint is denied.
 2 Counts 7 and 9: Trespass
Defendants next argue that as there exists no triable issue of fact, they are entitled to judgment as a matter of law on Plaintiffs' trespass claims. Count 7 of Plaintiffs' Amended Complaint alleges trespass against Defendant Joseph Ferreira d/b/a Advanced Auto Recycling, Inc. Count 9 alleges trespass against Defendant Joseph I. Ferreira Trust. Defendants do not purport to move for summary judgment on Count 8, which alleges trespass against Defendant LKQ Corp. Regarding the trespass counts, Plaintiffs allege (1) that Defendants have caused the redirection of a stream onto Plaintiffs' property; (2) that contaminated materials have been and continue to be carried from Defendants' property onto Plaintiffs' property via the stream; (3) that Defendants have constructed, occupied, or continue to occupy a structure that encroaches onto Plaintiffs' property; (4) and that Defendants maintain a fence which also encroaches onto Plaintiffs' property.
Defendants first contend that as Joseph Ferreira caused the stream to be redirected in 1984 with the express permission of Plaintiffs' predecessors-in-title (the Diamonds), his permitted redirection of the stream cannot constitute a trespass. (Defs.' Statement of Facts ¶ 11). Defendants further argue that as the stream had already been redirected prior to the Joseph I. Ferreira Trust's purchase of the property in 1997, the Trust also cannot be liable for trespass with respect to the redirection of the stream. Defendants next contend *Page 15 
that neither of these two parties can be liable for trespass based upon contaminated materials being carried into the stream since Plaintiffs fail to evidence that the stream was contaminated during their respective periods of ownership. Joseph Ferreira owned the property from 1984 to 1997, and the Joseph I. Ferreira Trust owned it from 1997 until 2005, when the property was allegedly sold to its current owner, JF Realty, LLC.
Plaintiffs respond that the record evidence contains a material issue of fact as to the extent of permission granted to Mr. Ferreira by the Diamonds, Plaintiffs' predecessors-in-title. The record contains the deposition testimony of Mark Diamond, stating that he gave Mr. Ferreira permission to access the Diamond property (which was later conveyed to Plaintiffs) in order for Ferreira to construct a ditch on Ferreira's own property. (M. Diamond Depo. at 30). Mr. Diamond specifically testified that it was his understanding that the ditch would not be constructed on his property, and that no permission was granted to dig a ditch on the Diamond property. Id. Defendants fail to direct the Court to any undisputed evidence that the Diamonds granted Mr. Ferreira permission to relocate the stream onto their property. Accordingly, a genuine issue of material fact remains as to whether the redirection of the stream by Defendant Ferreira constitutes a trespass on Plaintiffs' property. A genuine issue of material fact also remains as to whether the stream — which continued to exist and run onto Plaintiff's property during the Defendant Trust's ownership of the adjacent property from 1997 to 2005 — constituted a continuing trespass onto Plaintiffs' property by the Ferreira Trust.
Regarding proof of damages for trespass, our Supreme Court noted: "In an action of trespass for damages to real or personal property, compensation does not consist merely in such a sum of money as will repair or replace the injury done, but includes also *Page 16 
the damages for the violation of the right of property."Whipple v. Wanskuck Co., 12 R.I. 321, 323 (1879); seealso
75 Am. Jur. 2d Trespass § 91 at 92 (2007) (stating that "[f]rom every unlawful entry, or every direct invasion of the person or property of another, the law infers some damage and a plaintiff may also assert a claim for whatever damages the facts may lawfully warrant[]"). It has also been held that the proper measure of the damages for trespass is the gain the trespasser has derived from its wrongful conduct. See Sakele Brothers, LLC v. Safdie,302 A.D.2d 20, 752 N.Y.S.2d 626 (1st Dep't 2002). Accordingly, a triable issue remains as to any damages suffered by Plaintiffs as a result of the alleged trespass in the form of the redirected stream itself, in addition to the contaminants which it allegedly carries. Therefore, Plaintiffs have supported a prima facie case of trespass against both Joseph Ferreira and the Ferreira Trust regarding the redirection of a stream onto Plaintiffs' property.
With respect to the allegedly encroaching building, Defendants proffer that because Mr. Ferreira's testimony establishes that the building was erected after he had sold the property to the Ferreira Trust, he cannot be liable for trespass on this theory. As to the liability of the Trust, Defendants argue that Plaintiffs cannot prove that they have been damaged in any way by the deminimus, five-inch encroachment of the building. And finally, with respect to the fence, Defendants offer the testimony of Robert Yabroudy, establishing that it has been removed from along the boundary line. (Defs.' Statement of Facts ¶ 43.)
It is undisputed that the subject structure encroaches upon Plaintiffs' property by five inches. It is also undisputed that said structure was constructed while the Defendant Ferreira Trust owned the adjacent property. Defendants concede that no survey was done *Page 17 
prior to the construction of the structure in order to ensure that it would not encroach upon Plaintiffs' property. The record further demonstrates that the structure was constructed within the twenty (20) foot buffer zone which Defendants were required to maintain around the stream according to the Wetlands Application approval of January 10, 1986. Mr. Ferreira testified that he did build the structure within the buffer zone, but did not know how this happened. (J. Ferreira Depo. at 100). Mr. Ferreira also testified that when he built the structure, he did not appropriately measure the distance of the building from the stream.Id. at 52-53. Where an encroachment is intentional or where a defendant failed to take proper precautions to ascertain the boundaries, Rhode Island courts have refused to balance the equities and have issued mandatory injunctions without regard to the relevant convenience or hardship involved in removing said encroachment.See Renaissance Development Corp. v. Universal Properties Group,Inc., 821 A.2d 233, 238 (R.I. 2003). Accordingly, Plaintiffs' have supported a prima facie case of trespass against the Defendant Trust regarding the encroaching building.
While not the subject of the instant Motion for Summary Judgment, the Court notes that Count 8 of Plaintiffs' Complaint alleges that Defendant LKQ Corp. has committed a continuing trespass in the form of a redirected stream and the contaminated materials which it carries onto Plaintiffs' property as a result of LKQ's continued operation of its auto recycling business located at 290 Curran Road in Cumberland, Rhode Island. (Compl. at 10). Plaintiffs further allege a continuing trespass as a result of LKQ Corp's continuing use of a building at least partially constructed on Plaintiffs' property. Id. As such, Plaintiffs properly support a prima facie case of trespass against Defendant LKQ Corp. *Page 18 
In sum, Plaintiffs sufficiently support prima facie claims of trespass against each of the movant-Defendants. As material issues of fact remain as to these claims, Defendants' Motion for Summary Judgment on Counts 7-9 of the Amended Complaint is therefore denied.
 C CONCLUSION
With respect to the instant Motion to Dismiss, Plaintiffs have sufficiently pled Counts 8 and 10-21 of the Amended Complaint to provide Defendants with "fair and adequate notice of the type of claim being asserted." The Court further finds that said counts adequately state a claim upon which relief may be granted as it is not clear beyond a reasonable doubt that Plaintiffs would not be entitled to relief from Defendants under any set of facts that could be proven in support of Plaintiffs' claims. See Barrette,966 A.2d at 1234. Accordingly, Defendants' Motion to Dismiss is denied.
With respect to the instant Motion for Summary Judgment, Plaintiffs stipulate that Defendants are entitled to judgment as a matter of law with respect to claims regarding Lots 364 and 365. Plaintiffs further stipulate to summary judgment in Defendants' favor of any claims brought on behalf of Plaintiff LM Nursing Services, Inc. Accordingly, summary judgment as to these claims is granted in favor of Defendants.
Plaintiffs, however, sufficiently support prima facie claims of negligence and trespass against the Movant Defendants. Moreover, as material issues of fact remain as to these counts, Defendants fail to demonstrate that they are presently entitled to judgment as a matter of law on Counts 4-6 and Counts 7-9 of the Amended Complaint. Accordingly, Defendants' Motion for Summary Judgment as to these counts is denied.
[1] This entity is incorrectly named in the pleadings as the "Joseph A. Ferreira Trust."

 *Page 1