ZEUS REALTY COMPANY

v.

JARAL REALTY, INC. et al.

No. 93–644–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1995.

Patrick T. Conley, East Providence, for plaintiff.

Steven M. Richard, Tillinghast, Collins & Graham, Robert Fine, Licht & Semonoff, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument December 13, 1994, pursuant to an order that had directed the plaintiff, Zeus Realty Company (Zeus), to appear and show cause why this appeal should not be summarily denied and dismissed. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

Zeus appealed from a Superior Court judgment that vacated a default judgment previously entered against Jaral Realty, Inc., Old Colony Co–Operative Bank d.b.a Citizens Bank, and Citizens Bank and allowed redemption of property sold at a tax sale. The default judgment purported to foreclose the rights of redemption of the defendants. However, a justice of the Superior Court, after hearing, allowed redemption pursuant to G.L.1956 (1988 Reenactment) §§ 44–9–24 and 44–9–29. The trial justice found that the plaintiff's notice to the defendants was premature since it was sent prior to the setting of a return day and prior to the presentation of a title examiner's report to the Superior Court. The trial justice also held that principles of equity favored redemption in the circumstances of this case because of the enormous difference between the amount paid at the tax sale ($7,575.59) and the assessed value of the property ($201,900). This court has enunciated the principle that equity disfavors the forfeiture of real property. *Albertson v. Leca*, 447 A.2d 383 (R.I.1982).

For the reasons stated, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court vacating the judgment of foreclosure and ordering redemption is affirmed.