**Supreme Court**

No. 2016-128-Appeal.
(PC 06-5374)

Carmen Rohena as Parent and Natural      :
     Guardian of Josue Espinal

v.              :

City of Providence et al.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Carmen Rohena as Parent and Natural      :
      Guardian of Josue Espinal

                  v.                :

City of Providence et al.            :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.** Because the state and its cities and towns are immune from liability for injuries suffered by members of the public who use public recreational facilities, the claim brought by this mother on behalf of her seriously injured child must fail. This case came before the Supreme Court on January 26, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Carmen Rohena (plaintiff), as parent and natural guardian of Josue Espinal (Josue), brought suit to recover damages for injuries that Josue suffered while sliding into home plate at Corliss Park in Providence. The plaintiff appeals from a grant of summary judgment in favor of the defendant, the City of Providence (the city or defendant). This case was a home run for the city because the General Assembly has provided the state and its cities and towns with immunity from liability under Rhode Island's Recreational Use Statute, G.L. 1956 chapter 6 of title 32. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case

should be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## Facts and Travel

On June 17, 2006, Josue, a member of the North End Wanskuck Little League, was participating in a baseball game at Corliss Park[1] in Providence. While sliding into home plate, his right foot and lower shin allegedly slid under a corner of the plate that was lifted. When he attempted to stand up, his leg broke in two places.

On October 13, 2006, plaintiff filed suit against the city, alleging that defendant failed to properly maintain the field. On August 7, 2014,[2] defendant filed a motion for summary judgment, arguing that it was not liable pursuant to the Recreational Use Statute. The plaintiff filed an objection, contending that discovery was incomplete and that she had been unable to determine if a genuine issue of material fact existed. However, on November 18, 2014, at the hearing on the motion, both parties conceded that discovery was complete. The plaintiff did not press an objection, but asked that the Superior Court justice "note the objection * * * based upon the recreational use statute." The Superior Court justice held that "there is no allegation here that the city charges[] to have a baseball game played on the park" and "[t]he owner of the land is not liable unless there is an allegation of some kind of willful misconduct and there is none here[.]" The defendant's motion for summary judgment subsequently was granted, and final judgment entered on December 16, 2015. The plaintiff appealed.

---

[1] The defendant posits that the incident may have occurred in Prete-Metcalf Park, another park owned by defendant. However, defendant concedes that the exact location is irrelevant because both parks are located in Providence and owned by defendant.

[2] We have not been presented with any explanation for the delay between the filing of this suit and the motion for summary judgment.

**Standard of Review**

"This Court reviews de novo a trial justice's decision granting summary judgment." Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012) (quoting Lynch v. Spirit Rent-A-Car, Inc., 965 A.2d 417, 424 (R.I. 2009)). "[S]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." Cruz v. DaimlerChrysler Motors Corp., 66 A.3d 446, 451 (R.I. 2013) (quoting DeMaio v. Ciccone, 59 A.3d 125, 129 (R.I. 2013)). "Summary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" Sola, 45 A.3d at 506 (quoting Plunkett v. State, 869 A.2d 1185, 1187 (R.I. 2005)). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." Id. (quoting National Refrigeration, Inc. v. Standen Contracting Co., 942 A.2d 968, 971 (R.I. 2008)).

**Analysis**

It is undisputed that defendant owns Corliss Park, which is public and open without charge, and that Josue was participating in a recreational activity when he was injured. Before this Court, plaintiff contends that defendant's conduct falls outside the scope of the Recreational Use Statute because the city willfully or maliciously failed to guard or warn against a known dangerous condition. As support, plaintiff avers that, on June 21, 2006, an individual identified as Zenaida Martinez (Ms. Martinez) provided a hand-written statement to plaintiff's attorney. Ms. Martinez wrote that, approximately one week before the child's injury, she informed Nicholas J. Narducci Jr. (Mr. Narducci), the President of the North End Wanskuck Little League

and a member of the Providence City Council, about the poor condition of Corliss Park, including the bases. Mr. Narducci allegedly responded that it would be too expensive to repair the park. Our careful review of the record indicates that this argument was not raised in the Superior Court.

This Court has staunchly adhered to the "raise-or-waive" rule. "It is well settled that a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." State v. Bido, 941 A.2d 822, 828-29 (R.I. 2008); see also Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d 950, 959 (R.I. 1994) ("[A] party may not 'advance new theories or raise new issues in order to secure a reversal of the lower court's determination.'" (quoting Nedder v. Rhode Island Hospital Trust National Bank, 459 A.2d 960, 963 (R.I. 1983))). Moreover, "[t]his directive will not be disturbed unless 'basic constitutional rights are concerned.'" Bido, 941 A.2d at 829 (quoting State v. Gomez, 848 A.2d 221, 237 (R.I. 2004)).

The plaintiff's objection to defendant's motion for summary judgment, filed on August 27, 2014, centered on plaintiff's contention that discovery was incomplete. Although the objection referenced the scope of the Recreational Use Statute, the argument focused on the fact that discovery was outstanding. This objection was subsequently withdrawn as moot.

Notably absent from plaintiff's argument in the Superior Court is any suggestion that defendant willfully or maliciously failed to guard or warn against the known dangerous condition of home plate. Not only did plaintiff fail to submit a supporting affidavit, as required by Rule 56 of the Superior Court Rules of Civil Procedure, plaintiff failed to submit the letter from Ms. Martinez, which was in plaintiff's possession. Because plaintiff failed to raise the argument, our raise-or-waive rule precludes us from addressing that contention. See Bido, 941 A.2d at 828 ("[T]his Court's 'raise-or-waive' rule precludes our consideration of an issue that has not been

raised and articulated at trial."). Accordingly, we are of the opinion that plaintiff's argument has not properly been preserved for appeal.

Moreover, even if the plaintiff had presented an affidavit attesting to the facts stated in Ms. Martinez's letter, whether verbal notice about the condition of Corliss Park to a member of the city council qualifies as notice to the city under § 32-6-5(a)(1) is questionable. Compare Berman v. Sitrin, 991 A.2d 1038, 1052 (R.I. 2010) (determining that "a fact-finder reasonably could find that after learning about the Cliff Walk's instability, * * * [Newport] voluntarily and intentionally failed to guard against the dangerous condition, knowing that there existed a strong likelihood that a visitor to the Cliff Walk would suffer serious injury or death"), with Carlson v. Town of South Kingstown, 111 A.3d 819, 824 (R.I. 2015) (declaring the evidence in the case—awareness that holes in an athletic field can occur, and a witness's description of the holes as a "repetitive problem"—"f[ell] woefully short of establishing the existence of sufficient facts to show that the town knew of the particular hole that injured [the] plaintiff or of similar persons injured by similar defects in the park"). In the case at bar, Ms. Martinez may have made a general complaint about the field's poor condition one week before Josue was injured. The record is devoid of any evidence that anyone else was injured on the baseball field at Corliss Park or that the city was on notice of an alleged defect. Because the plaintiff failed to produce evidence showing that the city possessed the requisite knowledge to have "willfully or maliciously" failed to guard or warn of a known danger, this argument does not carry the day.

**Conclusion**

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record in this case may be remanded to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Carmen Rohena as Parent and Natural Guardian of Josue Espinal v. City of Providence et al. |
| **Case Number** | SU-16-0128-Appeal. (PC 06-5374) |
| **Date Opinion Filed** | March 2, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: Daniel J. Neal, Esq. |
| | For Defendants: Megan K. DiSanto, Esq. |