November 14, 2019

**Supreme Court**

No. 2018-246-Appeal.
(PC 10-6627)

Dana Gallop                    :

v.                             :

Adult Correctional Institutions et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Dana Gallop                              :

v.                                       :

Adult Correctional Institutions et al.   :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**   This case came before the Supreme Court on October 2, 2019, on appeal by the plaintiff, Dana Gallop (plaintiff or Gallop), from a Superior Court judgment in favor of the defendants, the Adult Correctional Institutions, the State of Rhode Island, Ian Rosado (Rosado), and Matthew Galligan (Galligan), following the entry of an order, after remand by this Court, that denied the plaintiff's motion to file a second amended complaint. Before this Court, the plaintiff argues that the trial court erred in (1) failing to address the plaintiff's argument that G.L. 1956 § 13-6-1 violates the Supremacy Clause of the United States Constitution, and in failing to allow the plaintiff's longstanding state law tort claims to proceed; and (2) denying the plaintiff's motion to file a second amended complaint. We directed the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

- 1 -

**Facts and Travel**

This case arises out of an incident that allegedly took place on or about April 26, 2010, while plaintiff was held in pretrial detention at the ACI while awaiting trial on numerous counts stemming from a fatal shooting in Providence in 2008. The plaintiff alleged that he was attacked by Rosado, a fellow inmate, and that he suffered lacerations and permanent facial scarring as a result. The plaintiff also alleged that the attack was made possible because, the day before the attack took place, Rosado told Galligan, a correctional officer, that he intended to carry out the attack. According to plaintiff, Galligan then informed various "John Doe" defendants of Rosado's planned attack.[1] Finally, plaintiff alleged that Galligan had abandoned his post for eighteen minutes on April 26, 2010, to afford Rosado the opportunity to carry out the assault.

On May 12, 2010, plaintiff was convicted after a jury trial of first-degree murder, felony assault, using a firearm when committing a crime of violence, carrying a pistol without a license, and possession of arms by a person convicted of a crime of violence or who is a fugitive from justice. He was also declared a habitual offender. The trial justice sentenced plaintiff to two mandatory consecutive life sentences, plus an additional twenty-year sentence to be served consecutively to the second life sentence, and two ten-year sentences to run concurrently with the first life sentence. The plaintiff was also sentenced, as a habitual offender, to an additional twenty-five years, to be served after the sentences on the underlying conviction, without the possibility of parole. The plaintiff appealed, and this Court affirmed the judgment of conviction on May 2, 2014. *State v. Gallop*, 89 A.3d 795, 806 (R.I. 2014) (*Gallop I*).

On November 10, 2010, plaintiff filed a civil complaint in the present case, naming the

---

[1] These so-called "John Does" have never been identified and are not part of this action. *See Ensey v. Culhane*, 727 A.2d 687, 690 (R.I. 1999) (noting that John Doe defendants must be named and served with process within a reasonable time or may not be considered parties to the case).

ACI, the state, and various John Does as defendants, alleging negligence for failing to properly protect him. As part of that initial complaint, plaintiff also alleged several additional common law tort claims, including intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy and joint enterprise resulting in assault and battery, implied breach of warranty, failure to maintain "protective responsibilities[,]" and a violation of plaintiff's civil rights.

On April 11, 2013, with the statute of limitations looming, plaintiff filed an amended complaint, adding Rosado and Galligan as named defendants, with additional allegations concerning the circumstances under which the alleged incident took place. Significantly, plaintiff alleged the same tort claims that he alleged in his original complaint and did not add any federal or state constitutional claims.

The day before the trial's scheduled start date, the trial justice, *sua sponte*, raised the issue of § 13-6-1, the civil death statute, based on the fact that plaintiff was serving consecutive sentences of life imprisonment. The defendants immediately moved to dismiss the case in accordance with § 13-6-1, arguing that plaintiff was deemed to be civilly dead and that, therefore, the Superior Court lacked jurisdiction over plaintiff's claims.

The plaintiff objected to the motion to dismiss and sought leave to file a second amended complaint. The proposed second amended complaint added a claim alleging violations by defendants under various statutory and constitutional provisions, including 42 U.S.C. § 1983; the Eighth and Fourteenth Amendments to the United States Constitution; article 1, sections 2, 6, and 8 of the Rhode Island constitution, and G.L. 1956 §§ 42-112-1 and 42-112-2 of the Rhode Island Civil Rights Act. Counts two through six of the proposed second amended complaint recited the same tort allegations as in the original and first amended complaints, but more clearly

assigned responsibility for each tort to specific actors.

Following a hearing on July 28, 2016, the trial justice granted defendants' motion to dismiss based on the civil death statute, but she did not address plaintiff's motion for leave to file a second amended complaint. The plaintiff appealed, arguing before this Court that § 13-6-1 did not require dismissal of his complaint and that the trial justice erred in failing to address his motion to file a second amended complaint. *Gallop v. Adult Correctional Institutions*, 182 A.3d 1137, 1141-45 (R.I. 2018) (*Gallop II*).

With respect to the civil death statute, this Court declared in *Gallop II* that the Superior Court had no authority to entertain plaintiff's action because plaintiff's civil rights were extinguished by operation of law once his criminal conviction was affirmed. *Gallop II*, 182 A.3d at 1141. We held that "[t]he statute unambiguously declares that a person such as plaintiff, who is serving a life sentence, is deemed civilly dead and thus does not possess most commonly recognized civil rights." *Id.* We decided that the trial justice "prudently and accurately dismissed the case[,]" and we declined to read an exception into the statute for claims alleging a violation of a prisoner's civil rights. *Id.* at 1141, 1143.[2] We also reiterated the commonly-understood principle that "[r]epeal is the province of the Legislature." *Id.* at 1141.

Significantly, there was no timely constitutional challenge to the civil death statute, for negligence claims, raised in the Superior Court or this Court; instead, plaintiff's argument was confined to the federal civil rights actions. *Gallop II*, 182 A.3d at 1144. As a result, we

---

[2] In arriving at this decision, however, we clarified that the Superior Court was incorrect when it dismissed the case for lack of subject-matter jurisdiction. *Gallop v. Adult Correctional Institutions*, 182 A.3d 1137, 1142 (R.I. 2018). Rather than being dismissed for lack of subject-matter jurisdiction, the case should have been dismissed because it would have been "an *excess* of jurisdiction for the Superior Court to consider plaintiff's claims when the Legislature has declared [the] plaintiff to be civilly dead." *Id.* at 1143 (emphasis added).

concluded that the complaint had been properly dismissed. *Id.* at 1143. However, we decided that the "trial justice should have addressed the plaintiff's second amended complaint before granting the defendants' motion to dismiss." *Id.* at 1144. We noted that "[t]his Court cannot review the trial justice's decision granting or denying a motion to amend for abuse of discretion if the trial justice has not exercised that discretion." *Id.* at 1145. Accordingly, we held that plaintiff was "entitled, at the very least, to a reasoned decision on his motion for leave to file an amended complaint." *Id.* We vacated the judgment of the Superior Court and remanded the case with directions to hear and decide plaintiff's motion to file a second amended complaint. *Id.* We took no position on the merits of plaintiff's motion to file a second amended complaint, but we affirmed the dismissal of the first amended complaint. *Id.*

On remand in the Superior Court, plaintiff presented his arguments in reverse order: He first asserted that, because § 13-6-1 is unconstitutional under federal law, his claims should go forward. Alternatively, plaintiff argued that, even if his federal civil rights claims were disallowed, the tort claims should nonetheless proceed because the civil death statute is unconstitutional. As to his motion to file a second amended complaint, plaintiff argued that there would be no extreme prejudice to defendants if the motion was granted, because the proposed second amended complaint merely clarified the tort claims raised in the first amended complaint. The plaintiff also argued in support of a liberal approach to allowing motions to amend. Specifically, plaintiff argued that the amendment should be allowed because the addition of the civil rights claim would not significantly change the content or nature of the complaint and would not require any further discovery.

The defendants correctly pointed out that plaintiff's various federal and constitutional claims were raised for the first time in the proposed second amended complaint and were not

properly before the trial justice. Although defendants acknowledged that Rule 15(a) of the Superior Court Rules of Civil Procedure provides that leave to amend a pleading should be freely given when justice so requires, they argued that a proposed amendment that results in undue prejudice or is unduly delayed or filed after the movant has had sufficient opportunity to state a claim should give rise to the denial of the motion to amend. Although mere delay is an insufficient ground for denial of a motion to amend a pleading, defendants argued that the delay in the present case was unduly excessive and would result in prejudice. The defendants submitted that plaintiff had sufficient opportunity to raise the new claims in the six years the case was pending, but he had failed to do so and only sought to change the nature of the case from negligence to civil rights and constitutional violations when faced with dismissal on the eve of trial. The defendants also argued that plaintiff had failed to satisfy his burden of showing some valid reason for his neglect and delay in moving to amend the complaint.

The trial justice ultimately denied plaintiff's motion to amend based on "the proximity to the trial, additional significant discovery, and other pleadings needed in lateness of filing the motion[.]" The trial justice determined that "[t]he delay of filing the second amended complaint would result in extreme prejudice to the defendant" because it was filed on the eve of trial, discovery had closed, trial strategy was developed, and witnesses were prepared. Finally, the trial justice determined that plaintiff "failed to establish a reasonable explanation for [his] delay in moving to amend the complaint." Before this Court, plaintiff argues that the trial justice erred in failing to address plaintiff's argument that § 13-6-1 violates the Supremacy Clause, in failing to allow plaintiff's longstanding tort claims to proceed, and in denying plaintiff's motion to file a second amended complaint.

- 6 -

**Standard of Review**

This Court has consistently held that "the decision to grant or deny a motion to amend a complaint is within the sound discretion of the hearing justice[.]" *Barrette v. Yakavonis*, 966 A.2d 1231, 1236 (R.I. 2009). Therefore, we afford "great deference to the trial justice's ruling on a motion to amend." *Catucci v. Pacheco*, 866 A.2d 509, 513 (R.I. 2005) (quoting *Normandin v. Levine*, 621 A.2d 713, 715 (R.I. 1993)). This Court "will not disturb [the] ruling unless the hearing justice committed an abuse of discretion." *Barrette*, 966 A.2d at 1236.

**Analysis**

On appeal, plaintiff contends that his state law claims must be allowed to proceed because § 13-6-1 is unconstitutional under federal law and United States Supreme Court precedent. The plaintiff also argues that the trial justice erred in addressing his motion for leave to file a second amended complaint before she addressed the issue of the constitutionality of § 13-6-1. He argues that the civil death statute should have been invalidated first, then his motion to amend should have been granted as to some or all of his state law claims in counts two through six. The plaintiff is mistaken and overlooks the fact that there was *no complaint pending* before the Superior Court, and, unless the motion to file a second amended complaint was granted, there was nothing for the trial justice to pass upon.

**Motion to Amend**

We first address whether the trial justice properly denied plaintiff's motion to amend. After careful review of the record, we are satisfied that the trial justice did not abuse her discretion, and properly denied the motion to amend.

- 7 -

The standard of review to be applied in evaluating the decision to grant or deny a motion to amend a complaint is well settled, and the focus is whether there was an abuse of discretion by the trial justice. Rule 15(a) provides, in pertinent part, that:

> "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

After a pleading has been amended once as a matter of course, "leave to amend a pleading lies within the sound discretion of a trial justice," and Rule 15(a) "liberally permits amendment absent a showing of extreme prejudice." *Weybosset Hill Investments, LLC v. Rossi*, 857 A.2d 231, 236 (R.I. 2004) (quoting *Granoff Realty II, Limited Partnership v. Rossi*, 823 A.2d 296, 298 (R.I. 2003)). A lower court "need not grant leave to amend a pleading when doing so would unduly prejudice the nonmoving party[,]" and "the question of prejudice to the party opposing the amendment is central to the investigation into whether an amendment should be granted." *Id.* (brackets omitted) (quoting *Faerber v. Cavanagh*, 568 A.2d 326, 329 (R.I. 1990)). This Court has recognized that "the risk of substantial prejudice generally increases with the passage of time." *RICO Corporation v. Town of Exeter*, 836 A.2d 212, 218 (R.I. 2003).

Factors that indicate substantial prejudice if a party were allowed to amend its claim include, but are not limited to, undue delay in seeking to amend the complaint without any reasonable explanation being given, or when the amendment would require a significant amount of new discovery. *Faerber*, 568 A.2d at 330 ("An addition of a new claim close to trial when discovery is essentially complete and trial strategy already planned invariably delays the resolution of a case, and delay itself may be considered prejudicial especially where excessive delay has already occurred.") (deletion omitted) (quoting *Andrews v. Bechtel Power*

*Corporation*, 780 F.2d 124, 129 (1st Cir. 1985)). Both of these factors are present in the case at bar.

Again, it is well settled that this Court's review of a trial justice's decision to grant or deny a motion to amend a complaint is deferential, and we "will not disturb [the] ruling unless the hearing justice committed an abuse of discretion." *Barrette*, 966 A.2d at 1236. However, the courts are not vested with limitless discretion. *Hogan v. McAndrew*, 131 A.3d 717, 722 (R.I. 2016) (noting that the abuse of discretion standard "does not suggest that this Court merely endorses the findings made by the lower court").

Rather, "[a]buse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Hogan*, 131 A.3d at 722 (quoting *Independent Oil and Chemical Workers of Quincy, Inc. v. Procter & Gamble Manufacturing Co.*, 864 F.2d 927, 929 (1st Cir. 1988)). In evaluating whether the trial justice abused her discretion, we carefully review the record to determine that all material factors have been properly acknowledged and weighed, that improper factors were not relied on, and, generally, that the record demonstrates the trial justice set forth some grounds that support her decision.

Our review of the record satisfies us that there was no abuse of discretion by the trial justice. The record reflects that she properly weighed all relevant factors without allocating weight to any improper factor, such as the constitutionality of the statute that was not before her, as discussed *infra*. There were more-than-adequate grounds to support her decision. The trial justice looked to our well-settled caselaw as the ruling standard for motions for leave to file an amended complaint, and properly applied the facts from the record to arrive at her decision.

Simply put, the trial justice concluded that plaintiff's undue delay in seeking the amendment would create substantial prejudice to defendants. Discovery had closed at least eight months earlier, and the inclusion of the new claims would necessitate additional discovery because the statutory claims were different and more complex than the longstanding common law tort claims. Having observed that "the case would really have to start from square one[,]" the trial justice denied the motion "based upon the proximity to the trial, additional significant discovery, and other pleadings needed in lateness of filing the motion[.]" We discern no error.

The record establishes that there were ample grounds supporting the trial justice's decision. We agree that plaintiff's undue delay in bringing his new claims would create substantial prejudice for defendants, and that no reasonable explanation for the delay was ever provided by plaintiff. In *Gallop II*, we noted that the Superior Court failed to rule on plaintiff's motion for leave to amend his complaint for the second time, and held that "[w]e are of the opinion that the plaintiff is entitled, at the very least, to a reasoned decision on his motion for leave to file an amended complaint." *Gallop II*, 182 A.3d at 1145. We have before us a well reasoned decision, and we are satisfied that the motion to amend was properly denied.

### The Plaintiff's Federal and Constitutional Law Arguments

Next, we address plaintiff's efforts to advance arguments that Rhode Island's civil death statute is unconstitutional on various grounds. In doing so, we do not reach the merits. Rather, we set forth the reasons that this issue is barred by this Court's so-called "raise-or-waive" rule and procedural law.

The raise-or-waive rule is a fundamental rule in this state that is "staunchly adhered to" by this Court. *Cusick v. Cusick*, 210 A.3d 1199, 1203 (R.I. 2019) (quoting *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017)). "[I]t is well settled that a litigant cannot raise an

objection or advance a new theory on appeal if it was not raised before the trial court." *Id.* (quoting *Rohena*, 154 A.3d at 938).

However, "[w]e have recognized that an exception to the raise-or-waive rule arises when basic constitutional rights are involved[.]" *Cusick*, 210 A.3d at 1204 (quoting *In re Miguel A.*, 990 A.2d 1216, 1223 (R.I. 2010)). For the exception to apply, "the alleged error must be more than harmless, and the exception must implicate an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial." *Id.* (quoting *In re Miguel A.*, 990 A.2d at 1223); *see State v. Burke*, 522 A.2d 725, 731 (R.I. 1987) (providing that the exception may apply, for example, "when an intervening decision of this [C]ourt or of the Supreme Court of the United States establishes a novel constitutional doctrine" during the course of a trial).

Here, plaintiff seeks to challenge § 13-6-1 on federal and state constitutional grounds. However, that opportunity has passed, and the only issue before this Court is whether the trial justice abused her discretion when she denied plaintiff's motion for leave to file a second amended complaint.

The sequence of events in the present case is apparent from the record before us. Neither plaintiff nor defendants raised the issue of Rhode Island's civil death statute and the impact it might have on the case prior to trial. The trial justice raised the issue *sua sponte*, and she appropriately continued the matter to afford the parties an adequate opportunity to research, brief, and argue the statute's applicability. The defendants moved to dismiss, and plaintiff opposed that motion and moved to file a second amended complaint.

Before this Court in *Gallop II*, plaintiff argued that the civil death statute is invalid under the Supremacy Clause "to the extent it impairs a plaintiff's capacity to sue under 42 [U.S.C. §]

1983 and other civil statutes"—statutes that he failed to name. However, there were no federal civil rights claims before the trial justice when she dismissed the complaint, and none before this Court in *Gallop II*.

The raise-or-waive rule controls this issue, and the narrow exception for a novel rule of law that could not reasonably have been known to counsel at the time of trial is not applicable. Rhode Island's civil death statute has been on the books since it was enacted in 1909. The plaintiff's opportunity to argue that, under the Supremacy Clause, the federal civil rights claims are not barred by the state civil death statute would arise only if those claims were allowed in a second amended complaint. They were not.

Because the only issue before this Court is whether the trial justice abused her discretion when she denied plaintiff's motion for leave to file a second amended complaint, we reject this assignment of error. The plaintiff's opportunity to challenge the civil death statute's constitutionality before this Court was confined to federal civil rights claims. Those claims were not before the trial court and are not before us.

### Conclusion

For the reasons articulated in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be remanded to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Dana Gallop v. Adult Correctional Institutions et al. |
| **Case Number** | No. 2018-246-Appeal.<br>(PC 10-6627) |
| **Date Opinion Filed** | November 14, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Ronald J. Resmini, Esq.<br>Adam J. Resmini, Esq. |
| | For Defendants:<br><br>Michael W. Field<br>Department of Attorney General |