November 10, 2021

**Supreme Court**

No. 2020-56-Appeal.
(PM 19-5704)

E.T. Investments, LLC      :

v.      :

Thomas C. Riley et al.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

E.T. Investments, LLC　　　　:

v.　　　　　　　　:

Thomas C. Riley et al.　　　　:


Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on October 5, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The respondent, Thomas C. Riley (Riley), appeals from a final decree foreclosing his right of redemption for property sold at a tax sale.  After considering the arguments of counsel and having carefully examined the record, we are of the opinion that cause has not been shown and that the issues raised by this appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the final decree of the Superior Court.

- 1 -

## Facts and Travel

On April 26, 2018, the petitioner, E.T. Investments, LLC (E.T.), purchased property located at 67 Dorr Avenue, East Providence, Rhode Island (the property), at a tax sale, occasioned by the nonpayment of water bills for the years 2015 through 2018 assessed by the City of East Providence Tax Assessor. Following the tax sale, a tax collector's deed to the property was executed and recorded in the East Providence land evidence records on May 8, 2018.

On May 14, 2019—more than a year after the tax sale and the recording of the deed—E.T. filed a petition in the Superior Court seeking to foreclose Riley's right of redemption (the petition) and a "Report of Title Examiner Appointed by the Court[.]"[1] On May 20, 2019, the trial justice entered an order approving the title report; however, as reflected by the record transmitted to this Court on appeal, the order approving the title examiner was entered at a later date, on May 29, 2019.

On May 20, 2019, the same day that the court approved the title report, a citation was issued by the Superior Court. The citation provided that a petition had been filed to foreclose all rights of redemption for the property and that, if Riley desired to object or defend against the petition, he was required to "file a written appearance and answer, under oath, setting forth clearly and specifically [his]

---

[1] The petition to foreclose also named as respondents Federal National Mortgage Association and the City of East Providence. Those parties did not appeal the final decree.

objection or defense to each part of said petition * * * on or before the 20th day following the day of receipt of this Citation * * *." The citation further provided, "Unless your appearance is timely filed * * * default will be recorded, the said petition will be taken as confessed and you will be forever barred from contesting said petition or any decree entered thereon."

On June 6, 2019, at 3620 Pawtucket Avenue in Riverside, Riley signed for the citation, by certified mail. He then contacted counsel for E.T. to inquire about the cost to redeem the property, and, according to E.T., Riley was apprised of the amount necessary for redemption. Nevertheless, by June 26, 2019, Riley neither entered a written appearance nor filed an answer objecting to the petition; and, on June 27, 2019, default entered against Riley in the Superior Court.

On July 10, 2019, the Superior Court held a hearing on the petition, and Riley appeared *pro se*. Based on Riley's appearance, and although he had yet to file any pleading or document with the Superior Court setting forth his objections to the petition, the Superior Court justice ordered a three-week continuance to permit Riley to "put [his] position in writing"; for E.T. to reply; and for the parties to reconvene for a final decision. Despite this opportunity, Riley filed an answer to the petition to foreclose on July 17, 2019, which was not timely.

At the continued hearing on the petition on July 31, 2019, Riley argued that, despite the collector's deed stating that notice of the tax sale was sent to both 67

- 3 -

Dorr Avenue and 3620 Pawtucket Avenue, he never received notice of the tax sale and that the collector's deed was inaccurate. However, Riley conceded that he had notice of the foreclosure petition as of June 6, 2019, when he signed the certificate of service for receipt of the citation.

The Superior Court justice determined that Riley was in default and that E.T. was entitled to the relief requested in its petition because (1) Riley's answer was due to be filed within twenty days of receipt of the citation; (2) in accordance with G.L. 1956 § 44-9-31, Riley was required to raise any objection to the underlying tax sale in a timely-filed answer[2]; and (3) Riley failed to answer and raise an argument concerning his lack of notice of the tax sale within the statutory time frame. The trial justice granted the petition and entered a final decree on July 31, 2019, foreclosing all rights of redemption and vesting legal and equitable title to the property in E.T.

---

[2] General Laws 1956 § 44-9-31 provides, in part, that:

> "If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return date, or else be forever barred from contesting or raising the question in any other proceeding."

On August 15, 2019, represented by counsel, Riley filed a notice of appeal; before this Court, he raises two issues in support of his contention that the decree foreclosing his right of redemption should be vacated. First, Riley argues that the Superior Court was without jurisdiction to issue the citation because the court did so prior to entering the order approving the title examiner. Second, Riley asserts that the language of the citation was ambiguous as to when he was required to file an answer to the petition.

## Standard of Review

"A challenge to subject-matter jurisdiction questions the very power of the court to hear the case." *Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021) (quoting *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 233 (R.I. 2018)). Indeed, "[a] challenge to subject matter jurisdiction 'may not be waived by any party and may be raised at any time in the proceedings.'" *Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 866 (R.I. 2014) (quoting *Boyer v. Bedrosian*, 57 A.3d 259, 270 (R.I. 2012)). "We review *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Decathlon Investments*, 252 A.3d at 270 (quoting *Dunn's Corners Fire District*, 184 A.3d at 234).

In addition, according to this Court's long-standing, and staunchly adhered to, raise-or-waive rule, "a litigant cannot raise an objection or advance a new theory on

appeal if it was not raised before the trial court." *Cusick v. Cusick*, 210 A.3d 1199, 1203 (R.I. 2019) (quoting *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017)). "[T]here is a narrow exception to the raise-or-waive rule where the alleged error is more than harmless, and the exception implicates an issue of constitutional dimension derived from a novel rule of law that could not reasonably have been known to counsel at the time of trial." *Decathlon Investments*, 252 A.3d at 270 (quoting *State v. Brown*, 9 A.3d 1240, 1246 (R.I. 2010)).

## Discussion

We have held that "because the foreclosure of the right of redemption 'is a statutory proceeding and not an ordinary civil action, the jurisdiction of the Superior Court is sharply circumscribed.'" *Johnson v. QBAR Associates*, 78 A.3d 48, 53 (R.I. 2013) (quoting *ABAR Associates v. Luna*, 870 A.2d 990, 994 (R.I. 2005)).

Riley argues on appeal that, because the citation was issued before the order approving the title examiner was entered, "[t]hese out-of-sequence events created a jurisdictional void of the type referred to in *Pratt v.* [*Woolley*, 117 R.I. 154, 365 A.2d 424 (1976)]."

However, the jurisdictional issue present in *Pratt* is not commensurate with the circumstances in this action. In *Pratt*, we recognized that, during the proceedings to foreclose the right of redemption in that case, the Superior Court had heard and ruled on claims that were unrelated to the petition to foreclose, including

- 6 -

cancellation of a promissory note. *Pratt*, 117 R.I. at 156-57, 158, 365 A.2d at 426, 427. This Court determined that, because the court's jurisdiction in tax sale matters, such as petitions to foreclose, "is solely statutory in nature" and limited, when "entertaining a petition to foreclose, the Superior Court may hear only those matters which the statute specifically empowers it to hear." *Id.* at 157, 365 A.2d at 426. Thus, the trial court's ruling on a promissory note was "beyond the jurisdiction of the Superior Court." *Id.* at 159, 365 A.2d at 427.

In addition, this Court recently held that a challenge to the sequence of events in a proceeding for a petition to foreclose the right of redemption—specifically in a situation in which the title report was approved and the citation was issued on a date prior to the entry of the order approving the title examiner—was "not truly a challenge to the [court's] subject-matter jurisdiction[,]" but rather raised a question concerning the trial court's power to act in that circumstance. *Decathlon Investments*, 252 A.3d at 269, 271. As such, the issue must first be raised before the Superior Court in order to be preserved for this Court's review.[3] *See id.*

---

[3] Riley contends that our holding in *Zeus Realty Company v. Jaral Realty, Inc.*, 653 A.2d 70 (R.I. 1995) supports his proposition that the order approving the title examiner must be entered before the issuance of the citation. However, *Zeus* did not involve a jurisdictional challenge, and the factual circumstances were far different from those in the instant action. *See Zeus*, 653 A.2d at 70 (affirming the Superior Court's judgment vacating a default judgment on a petition to foreclose when notice was given prior to the setting of a return day and prior to presenting a title examiner's report to the court). Thus, we disagree that *Zeus* supports Riley's position.

There is nothing in this record that would indicate that the Superior Court's judicial power to decide the petition to foreclose was lacking or that the court exceeded the scope of its jurisdiction, as was the circumstance in *Pratt*, cited *supra*. Rather, Riley's argument that "[t]he title examiner wasn't actually appointed, his report wasn't approved and [the order of approval and appointment of title examiner] wasn't issued until May 29, 2019[,]" thus creating a "jurisdictional void[,]" is not an actual challenge to the court's power to hear and decide a case, but rather a question of whether it was an error for the court to proceed. Section 44-9-24 grants to "[t]he [S]uperior [C]ourt * * * exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed[.]" Therefore, respondent's contention that the Superior Court was without jurisdiction to pass upon E.T.'s petition to foreclose is without merit.

To the extent that Riley seeks to contest what he has characterized as E.T.'s "fast track" process on the petition and the validity of the citation because it was issued before the order approving the title examiner was entered, this argument has been waived.[4] A litigant may not simply frame an argument as a jurisdictional challenge as a means to evade the requirement of raising the issue before the trial court. *See Decathlon Investments*, 252 A.3d at 270, 271 (stating that in an attempt to

---

[4] Riley also incorrectly asserts before this Court that the order approving the title report was entered after the citation issued. The record clearly reflects, as set out *supra*, that the order was entered on the same day the citation issued, May 20, 2019.

avoid the raise or waive rule, appellants couched an argument in jurisdictional terms, yet the Superior Court had the power to hear the challenge to the sequence of events). Nevertheless, the Superior Court had jurisdiction to hear Riley's challenge to the sequence of events, had it been raised; Riley did not raise the issue, and therefore it is waived.

Furthermore, Riley has not alleged that the exception to the raise-or-waive rule applies. Riley conceded in the Superior Court to having notice of the petition, and the trial justice allowed Riley an opportunity to be heard. *See Johnson*, 78 A.3d at 53 (determining that, because the plaintiff had actual notice of the petition to foreclose, the plaintiff was not deprived of due process). Importantly, the law regarding tax sales and rights of redemption is far from novel, and this Court has recognized that "[w]hile the tax-sale statute itself may be draconian, this Court merely applies the law—it does not make it." *Conley v. Crown Realty, LLC*, 223 A.3d 768, 772 (R.I. 2020).

The trial justice in this case was correct in stating at the hearing on the petition that "this is not a case where the [c]ourt has discretion." Because Riley failed to file an answer to the petition with an offer to redeem the property before the specified return day, the court was required to enter a decree "which shall forever bar all rights

of redemption."[5] Section 44-9-30; *see* § 44-9-28; *Crown Realty, LLC*, 223 A.3d at 772 (concluding that entry of a final decree forever barring rights to redemption was proper because the property owner was in default, having failed to timely answer or provide an adequate justification for failing to do so); *Conley v. Fontaine*, 138 A.3d 756, 761 (R.I. 2016) (determining that redemption was improper where the party was in default by failing to timely answer the petition and had provided no good cause for failure to do so).

---

[5] Section 44-9-28 provides, in part:

> "After the fixed return day, to be at least twenty (20) days after the time of the actual issuance of notice, the court, if satisfied that the notice has been properly given, on motion of the petitioner shall enter an order defaulting all persons failing to file a timely answer * * *."

Furthermore, § 44-9-29 states that an interested party who desires to redeem the property, "on or before the return day" or within any further time granted by the court upon a motion of the party that is made before the return day, "*shall* * * * file an answer setting forth his or her right in the land, and an offer to redeem upon the terms as may be fixed by the court." (Emphasis added.) Therefore, only where an answer has been timely filed does the court have discretion to allow the party to redeem the property. *See* § 44-9-29. It follows that:

> "If a default is entered under § 44-9-28, or if redemption is not made within the time and upon the terms fixed by the court under § 44-9-29, * * * or if upon hearing the court determines that the facts shown do not entitle the person to redeem, a decree shall be entered which shall forever bar all rights of redemption." Section 44-9-30.

Riley also argues that the language in the citation—namely, the term "timely" in the sentence immediately following the sentence that fixed the return date as "the 20th day following the day of receipt of this Citation"—was ambiguous and could reasonably be interpreted to mean that "an answer must be filed before the entry of a decree pro confesso and entry of a final decree." However, because this contention was not raised to the trial court, it has also been waived.

Accordingly, the respondent's failure to raise any challenges to the validity of the citation and the ambiguity of its language in the Superior Court results in the waiver of the arguments that he has raised on appeal.

**Conclusion**

For the reasons set forth in this opinion, we affirm the final decree of the Superior Court. The record in this case may be remanded to the Superior Court.

Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | E.T. Investments, LLC v. Thomas C. Riley, et al. |
| **Case Number** | No. 2020-56-Appeal.<br>(PM 19-5704) |
| **Date Opinion Filed** | November 10, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Patrick T. Conley, Esq.<br>For Respondent:<br><br>Andrew M. Cagen, Esq. |

SU-CMS-02A (revised June 2020)