February 1, 2022

**Supreme Court**

No. 2020-78-Appeal.
(WC 03-281)

Paul R. Boisse et al.               :

v.               :

Joseph R. Miller, Jr. d/b/a Joseph               :
   Miller Construction et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Paul R. Boisse et al.         :

v.         :

Joseph R. Miller, Jr. d/b/a Joseph    :
   Miller Construction et al.

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on November 3, 2021, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendants, Joseph R. Miller Jr. d/b/a Joseph Miller Construction (Joseph) and Lynne N. Miller (Lynne) (collectively defendants), appeal *pro se* from a Superior Court judgment in favor of the plaintiffs, Paul R. Boisse and Michele C. Boisse (the Boisses or plaintiffs), granting the plaintiffs' claims against Lynne and Joseph, and also in favor of the third-party defendant, Assurance Company of America (Assurance), denying Joseph's third-party claim for

- 1 -

indemnification.[1]  After considering the parties' written and oral submissions, we conclude that cause has not been shown and proceed to decide the appeal at this time.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**Facts and Travel**

This controversy arose from the sale of real property in South Kingstown, Rhode Island, including a lot and a newly constructed home, which, it was later revealed, encroached upon an adjacent lot containing a utility easement.  In 1998 Lynne sold the Boisses Lot 15 in the Pleasant Hills subdivision, along with all buildings and improvements (the property or Lot 15).  Four years later, the Boisses were notified by National Grid that their house, deck, and well encroached on the company's easement.

The record discloses that Lynne purchased Lot 15 in early 1998 through a limited power of attorney in favor of her then ex-husband, Joseph, who intended to build a residential home on the lot for sale.  Joseph took the lead on construction, and, according to certain site plans, he positioned the property for the excavation and construction of the house, its well, and the driveway.  Joseph also directed the

---

[1] We refer to the defendants by their first names for the sake of clarity because they share the same surname. We intend no disrespect by doing so.  Additionally, while Pleasant Hill Development, Ltd.; Mark L. Hawkins; Thomas A. Champlin; and Assurance Company of America were also named defendants in plaintiffs' second amended complaint filed in the Superior Court, Lynne and Joseph are the only defendants who have appealed.

contractors on where to construct the site improvements, which resulted in a twenty-foot encroachment upon the adjacent lot.

In 2003 the Boisses filed suit asserting various claims, and Joseph, by and through counsel, filed a third-party complaint for indemnification against his insurance company, Assurance, which was later summarily dismissed.[2]

After a bench trial, the trial justice determined that Lynne was liable for breach of the warranty deed conveying the property to plaintiffs by failing to convey good and marketable title to the property. The trial justice also found that Joseph had knowledge of the encroachment, yet had misrepresented the property line and failed to disclose the encroachment to the Boisses.[3] As a result, the trial justice determined that Joseph was liable for fraud, misrepresentation, and wrongful concealment of a material fact, and that these misrepresentations and omissions constituted a violation of the Rhode Island Deceptive Trade Practices Act, chapter 13.1 of title 6 of the general laws.

---

[2] During the pendency of this action, Joseph filed for bankruptcy, the discharge of which effectively settled the claim of negligence against him. Accordingly, Joseph and Assurance filed cross-motions for summary judgment on his claim for indemnification. The Superior Court granted Joseph's motion with respect to the claim of negligence; and, having found that only intentional tort claims survived and that his insurance policy did not protect him against intentional acts, the Superior Court summarily dismissed Joseph's indemnification claim.

[3] Based on the record before the Court, the site plans showed the proposed location of a house, driveway, and well within the contours of Lot 15.

Judgment entered in favor of plaintiffs and against Joseph and Lynne in the amount of $178,891.46, and in favor of Assurance on Joseph's third-party claim. Joseph and Lynne timely appealed to this Court and have raised several claims, some of which are not clearly articulated. On appeal, they argue that (1) Assurance sold Joseph a fraudulent insurance policy and should be held accountable; (2) a codefendant was allowed to amend an answer years after initiation of the action "under his company name" and had "these papers sealed by the court"; (3) the trial justice found defendants liable "in a revised case[,]" which they were unable to defend themselves against; and (4) Lynne's attorney failed to inform her that she was found liable in 2011[4] and that judgment entered against her for damages in 2019.[5]

**Standard of Review**

"A judgment in a nonjury case will be reversed on appeal when it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong." *Lamarque v. Centreville Savings Bank*, 22 A.3d 1136, 1139-40 (R.I. 2011) (quoting *Cathay*

---

[4] There was a bifurcated bench trial addressing liability (tried in late 2011) and damages (tried in late 2019). Joseph and Lynne were represented by counsel throughout all proceedings in the Superior Court.

[5] We have endeavored to articulate and set forth defendants' arguments from their handwritten statement submitted to this Court on appeal pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure and to clarify the substance of their arguments at oral argument.

*Cathay, Inc. v. Vindalu, LLC*, 962 A.2d 740, 745 (R.I. 2009)). Upon review, "we accord [the factual] findings [of a trial justice sitting without a jury] great deference" and consider questions of law *de novo*. *Id.* at 1140. Additionally, according to this Court's longstanding raise-or-waive rule, "a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." *Cusick v. Cusick*, 210 A.3d 1199, 1203 (R.I. 2019) (quoting *Rohena v. City of Providence*, 154 A.3d 935, 938 (R.I. 2017)).

## Analysis

On appeal, defendants first argue that, in a separate and unrelated case, Assurance was found liable for selling Joseph a fraudulent policy and did not disclose this to the Superior Court. However, the issue of Assurance's liability in another case was not raised before the trial justice. To the extent that defendants believed that this other case was of any moment to this controversy, they were required to first raise this issue in the Superior Court. By virtue of their having failed to do so, the trial justice was deprived of an opportunity to consider this argument, which constitutes waiver by defendants.

In addition, defendants assert that a codefendant, Mark Hawkins, was "allowed to amend an answer" years after initiation of the action and had "these papers sealed by the court." The defendants first raised this issue in their statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate

- 5 -

Procedure and discussed papers that were allegedly "sealed by the court[,]" and at oral argument, they alluded to a "secret meeting" that occurred between some of the parties and the court, to their exclusion. Specifically, based on their later examination of the docket, defendants take issue with events that occurred on December 17, 2007; July 14, 2011; and July 18, 2011.

However, the docket discloses only ordinary trial preparation and procedures, including that (1) on December 17, 2007, a motion for leave to file an amended answer, filed by counsel for Joseph, was granted after a hearing; (2) on July 14, 2011, Hawkins, together with Lynne—a party to this appeal—and a third-party defendant, filed an answer to the Boisses' "Revised Second Amended Complaint" and certified that a true copy was mailed to counsel for Joseph; (3) on July 18, 2011, trial exhibits were filed in the clerk's office and were available to all parties, following an appearance by the parties for trial, at which exhibits were marked and put on the record and the trial was continued pending settlement discussions; and (4) on that same date, Assurance filed an answer to the Boisses' revised second amended complaint. There is no suggestion in the record that anything occurred *in camera* or that documents were sealed. Furthermore, this argument was not raised in the Superior Court, and there is nothing in the record before this Court that indicates that defendants objected to any amended pleading. Thus, the issue has been waived.

The defendants also contend that the trial justice found them liable "[i]n a revised case" against which they were purportedly not allowed to defend themselves. As there is no reference in the trial justice's decision to a "revised case[,]" we can only assume that defendants take issue with the Boisses' "Revised Second Amended Complaint" filed on April 21, 2011.[6] The defendants did not object to the Boisses' motion to amend or to the filing of the revised second amended complaint. Thus, this issue has also been waived.

Finally, in their statement filed pursuant to Article I, Rule 12A, defendants aver that Lynne's attorney did not notify her of the case outcome. On appeal from a judgment following a bench trial, this Court reviews preserved errors of the Superior Court, not of counsel when such a claim has not first been properly addressed in the trial court. *See Cruz v. Town of North Providence*, 833 A.2d 1237, 1240 n.1 (R.I. 2003) (declining to entertain claims raised for the first time on appeal); *see also* Super. R. Civ. P. 3 and Super. R. Civ. P. 8(a) (stating that a civil action is commenced by filing a complaint setting forth the claim for relief). Thus, this issue is not properly before this Court, and we decline to address it.

---

[6] According to the record, in late 2010, the Boisses added Assurance and Zurich America Insurance Co. (Zurich) as defendants in a second amended complaint. Their revised second amended complaint removed Zurich as a defendant.

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court.

The record in this case may be remanded to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Paul R. Boisse, et al. v. Joseph R. Miller, Jr. d/b/a Joseph Miller Construction et al. |
| **Case Number** | No. 2020-78-Appeal. (WC 03-281) |
| **Date Opinion Filed** | February 1, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Francis S. Holbrook II, Esq.<br>Turner C. Scott, Esq. |
| | For Defendants:<br><br>Daniel F. Sullivan, Esq.<br>Dana M. Horton, Esq.<br>Joseph R. Miller, Jr., *Pro Se*<br>Lynne N. Miller, *Pro Se* |